HOKE, J., concurs in the result.
1. That the North Carolina Public Service Company is a *Page 586 
corporation duly created, organized, and existing under and by virtue of the laws of the States of North Carolina, and as lessee of the Salisbury 
Spencer Railway Company, is engaged as a public-service corporation in furnishing gas for fuel and lighting in the city of Salisbury, N.C. maintaining its only plant, office, and place of business in said city.
2. That the Yadkin Finishing Company is a corporation created, organized, and existing under the laws of the State of North Carolina, and is engaged in the business of finishing cotton fabrics at its plant about 6 miles north of Salisbury, N.C. and outside of any incorporated town.
3. That on or about 20 September, 1916, the plaintiff and defendant entered into a written contract, a copy of which is hereto attached, and made a part hereof, by the terms of which the plaintiff, for a period of five years there after, contracted and agreed to furnish the defendant gas for fuel and lighting at the following rates, subject to a minimum monthly charge of $100, to wit: $1.35 net, or $1.45 gross, per 1,000 cubic feet for the first 10,000 cubic feet per month; $1 net, or $1.10 gross, per 1,000 cubic feet for the next 15,000 cubic feet per month; 75 cents net, or 85 cents gross, per 1,000 cubic feet for the next 25,000 cubic feet per month; 60 cents net, or 70 cents gross, per 1,000 cubic feet for all over 50,000 cubic feet per month.
Which said schedule of rates were in effect and existence (547) in the city of Salisbury at the time, by and with the approval and by the authority of the Corporation Commission of North Carolina.
4. That thereafter the plaintiff filed its petition for authority to increase gas rates in the city of Salisbury with Corporation Commission of the State of North Carolina, and on or about 8 November, 1918, said Corporation Commission granted the petition of the said North Carolina Public Service Company.
5. That during the month of January, 1919, the defendant consumed 141,000 cubic feet of gas, and during the month of February, 1919, consumed 95,400 cubic feet of gas.
6. That under the schedule of rates authorized and permitted by the Corporation Commission of the State of North Carolina, the defendant is indebted to the plaintiff for gas consumed during the month of January, 1919, in the sum of $141.02, and for gas consumed during the month of February, 1919, in the sum of $107.88, or a total of $248.90.
7. That under the schedule of rates set out in the written contract entered into between the plaintiff and defendant on or about *Page 587 
20 September, 1916, the defendant is indebted to the plaintiff for gas consumed during the month of January, 1919, in the sum of $116.02, and for gas consumed during the month of February, 1919, in the sum of $100, or a total of $216.02.
8. The plaintiff contends that the order of the Corporation Commission of the State of North Carolina, in effect, abrogates in the matter of rates charged, the written contract entered into by and between the plaintiff and defendant, and that it is authorized and permitted as a matter of law to adopt the schedule of rates established by order of said Corporation Commission. The defendant contends the written contract is binding upon both plaintiff and defendant, and that the said Corporation Commission has not lawful authority by its order, or otherwise, to alter, amend or revise the schedule of rates set out in said contract, or by its order to alter or vary said contract in any particular.
The judge held that the plaintiff could only recover the contract rates for gas furnished, and that order of the Corporation Commission did not authorize them to abrogate the said contract, and gave judgment in favor of the plaintiff against the defendant, for the sum due under the contract. Plaintiff excepted, and appealed.
The question as to whether or not the Corporation Commission had power to authorize the plaintiff to charge a higher rate to the plaintiff than the contract price, and that the rates allowed by the commission supersedes the rates fixed (548) in the contract, was very ably argued before us by the counsel on both sides. But we are of opinion that the question is not presented upon this record, for we agree with the counsel for the defendant that there is nothing in the order of the commission which gives authority to the plaintiff to increase its rates outside of the city of Salisbury. The defendant is located six miles north of the city of Salisbury, and has no connection with that city, and is not controlled by any of its ordinances or regulations. The application to increase gas rates by the fourth section of the petition is specifically confined to the city of Salisbury. The order granted in pursuance of said petition, read in connection with it, fixes the rates which the plaintiff is allowed to charge in the corporate limits of the city of Salisbury, and nowhere else. *Page 588 
For this reason we are precluded from passing upon the interesting question so ably presented.
Affirmed.
HOKE, J., concurs in result.
Cited: Power Co. v. Mfg. Co., 183 N.C. 332.